WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Calvin Skinner, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Acting Commissioner of the Social Security Administration, <br><br> Defendant. | No. CV-18-04702-PHX-ESW <br><br><br> **ORDER** |

This action appeals the Social Security Administration's ("Social Security") denial of an application for supplemental security income ("SSI") filed on behalf of Plaintiff Calvin Skinner, Jr., a minor under age 18. This Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 13). After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 16, 21, 22), the Court finds that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence and is free of harmful legal error. The decision is therefore affirmed.

# I. LEGAL STANDARDS

## A. Disability Analysis

A child is disabled for the purposes of receiving SSI benefits if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). To decide if a child is entitled to disability benefits, an ALJ conducts a three-step sequential evaluation. 20 C.F.R. § 416.924(a). In the first step, the ALJ determines whether the child engaged in substantial gainful activity during the alleged disability period. 20 C.F.R. § 416.924(b). If the child has been engaged in substantial gainful activity, the analysis ends and disability benefits are denied. *Id.* Otherwise, the ALJ proceeds to the second step.

In the second step, the ALJ determines whether the child has a severe medically determinable impairment or combination of impairments. 20 C.F.R. § 416.924(c). If there are no such impairments, the disability claim is denied. *Id.* If there are such impairments, the ALJ proceeds to the third step.

In the final step of the analysis, the ALJ determines whether the child's impairment meets or medically or functionally equals an impairment in the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1. If the impairment meets or equals an impairment in the Listing, it is presumed to cause "marked and severe functional limitations." 20 C.F.R. § 416.924(d). If the impairment has lasted or can be expected to last for at least twelve months, then the child is deemed disabled and awarded benefits.

## B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla." *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). This is because the ALJ, not the Court, is responsible for resolving conflicts, ambiguity, and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court must also consider the harmless error doctrine when reviewing an ALJ's decision. This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff is a minor child born on July 6, 2005. (A.R. 109). On November 13, 2015, his mother applied for SSI on his behalf. (A.R. 175-80). The application alleged that on August 30, 2011, Plaintiff became disabled due to attention deficit hyperactivity disorder ("ADHD"), "disorder of written expression," and dysgraphia. (A.R. 109).

Social Security denied the application on January 4, 2016. (A.R. 119-23). Plaintiff's mother then requested a hearing before an ALJ. (A.R. 127-29). The ALJ held a hearing on September 20, 2017. (A.R. 36-72). In his February 21, 2018 decision, the ALJ found that Plaintiff is not disabled. (A.R. 11-31). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-5). On December 15, 2018, Plaintiff filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 405(g) requesting judicial review and reversal of the ALJ's decision.

**B. The ALJ's Application of the Sequential Disability Analysis**

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since November 13, 2015, the application date. (A.R. 15). The ALJ found that Plaintiff has the following severe impairments: learning disorder and ADHD. (*Id.*). The ALJ also concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 15-30). The ALJ determined that Plaintiff has not been disabled since the application date of November 13, 2015. (A.R. 30).

In challenging the ALJ's decision, Plaintiff presents two issues for review: (i) whether the ALJ failed to fully develop the record and (ii) whether the ALJ failed to provide germane reasons for rejecting the testimony of Plaintiff's mother. (Doc. 16 at 1). As explained below, the Court finds that both these arguments are without merit. To the extent that Plaintiff may challenge the ALJ's decision on other grounds not discussed in this Order, the challenge has been waived by failing to raise and sufficiently develop the grounds in Plaintiff's Opening Brief. *See Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009) (deeming argument not made in disability claimant's Opening Brief waived); *Bisuano v. Colvin*, 584 Fed. App'x 512, 513 (9th Cir. 2014) ("Bisuano waived his argument that the ALJ erred in relying upon the

opinion of single decisionmaker Keith Perron, because he did not sufficiently argue it before the district court or this court.").

### C. Plaintiff's Challenge

#### 1. Full and Fair Development of the Record

While an ALJ has a duty to fully and fairly develop the record and to assure that a claimant's interests are considered, that duty is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. If triggered, "[t]he ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Plaintiff is ultimately responsible for providing the evidence to be used in making the RFC finding. *Andrews v. Shalala*, 53 F.3d 1035, 1040 (9th Cir. 1995) (a claimant bears the burden of proving entitlement to disability benefits); *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (the ALJ's duty to develop the record does not allow a claimant to shift the claimant's own burden of proving disability to the ALJ).

Plaintiff's SSI application alleged that he was disabled in part due to dysgraphia. Plaintiff explains that dysgraphia "is a learning disability that has significant physical impacts on fine motor skills. Symptoms include cramped grip, sore hands, difficulty spacing things out on paper, and unusual wrist or body position." (Doc. 16 at 7). Plaintiff contends that the ALJ failed to fully develop the record regarding his alleged dysgraphia. (*Id.* at 7-8). Yet, as Defendant accurately recounts, the ALJ left the record open after the hearing so that additional records could be obtained. (A.R. 67-69). Once the ALJ obtained the additional records, Plaintiff was notified of the right to request a supplemental hearing. (A.R. 261-62). Plaintiff did not request a supplemental hearing.

The Court does not find that the record is ambiguous or inadequate to allow for proper evaluation of the evidence, thereby triggering the ALJ's duty to develop the record. *See Mayes*, 276 F.3d at 459-60 ("The ALJ had no duty to develop the record by

diagnosing Mayes' herniated discs. An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). However, assuming arguendo that the ALJ's duty to develop the record was triggered, "[t]he ALJ complied with her duty to develop the record by leaving the record open for supplemental evidentiary submissions." *Hootman v. Comm'r of Soc. Sec.*, 499 F. App'x 673, 675 (9th Cir. 2012) ("While the medical expert's testimony was somewhat equivocal, the ALJ specifically left the record open to allow Hootman to supplement the record and, if warranted, to request an additional hearing. Hootman did neither."); *Conner v. Colvin*, 674 F. App'x 629, 630 (9th Cir. 2017) ("The ALJ also left the record open for thirty days post-hearing to allow Conner an opportunity to supplement the record. Accordingly, Conner's contention that the administrative record was incomplete lacks merit.") (*Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998)).

Plaintiff raises the additional argument that the ALJ failed to incorporate certain limitations opined by Kathi Lemieux, Plaintiff's resource teacher. (Doc. 16 at 8) (citing A.R. 248). The ALJ gave Ms. Lemieux's statements "great weight." (A.R. 20). It is well-settled that the ALJ, not the Court, is responsible for resolving conflicts, ambiguity, and determining credibility. *Magallanes*, 881 F.2d at 750. This includes interpreting terms and phrases used by physicians and witnesses in their opinions. "When the evidence can rationally be interpreted in more than one way, the court must uphold the Commissioner's decision." *Mayes*, 276 F.3d at 459. Defendant's correctly assert that Plaintiff's argument is without merit. (A.R. 21 at 20-21).

### 2. Testimony of Plaintiff's Mother

A source that is not an acceptable medical source is considered to be an "other source." 20 C.F.R. § 404.1513(d). "Other sources" include physician's assistants, nurse practitioners, and lay witnesses. 20 C.F.R. § 404.1513. Information from these "other sources" must still be considered even though the information cannot establish the existence of a medically determinable impairment. *Id.* An other source's opinion can be

rejected as long as the ALJ provides "germane" reasons, such as finding that the opinion is inconsistent with medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

Plaintiff's mother, Tranica McClendon, testified on his behalf at the hearing and also completed a form concerning Plaintiff's daily activities. (A.R. 38-72, 205-08). The ALJ gave Ms. McClendon's statements "some weight." (A.R. 20). The ALJ found that Ms. McClendon "generally described limiting functioning not consistent with the overall record, as described throughout this decision . . . ." (*Id.*). A reviewing court may draw specific and legitimate inferences from an ALJ's decision. *Magallanes*, 881 F.2d at 755 ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion"). Reviewing the ALJ's decision as a whole, the Court finds that the ALJ adequately explained the reasons for concluding that Ms. McClendon's statements are inconsistent with the record. The ALJ provided a germane reason supported by substantial evidence in the record for discounting Ms. McClendon's statements.

### III.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED** affirming the decision of the Commissioner of Social Security. The Clerk of Court shall enter judgment accordingly.

Dated this 30th day of August, 2019.

_____
Eileen S. Willett
United States Magistrate Judge